BREAUX, C. J.
This suit involves the construction of a stipulation inserted in a contract of lease.
Miss Mary Furman leased her “Stumpy *471 Lake Plantation,” situated, in the parish of Bossier, near Red river, for a period of six years from December 31, 1904, to December 31, 1910, for an annual rental of $1,500.
The stipulation in question was that, in the event the plantation overflowed after May 15th of any of the years of the lease, the lessee would pay as rental one-fourth of the products of the place that year, instead of the money rent stipulated.
One-third of the plantation was overflowed during the middle of May, 1907, caused by the waters from Red Chute, and one-third of the place was under water until the 1st of June.
There was a shortage of defendant’s crop on the place in 1907.
The planting was necessarily late, and there is evidence showing that the short crop was due to the late planting.
The contention of plaintiff is that the property is a res, and that it was leased in its entirety, and under the terms and conditions of the lease it is one property and indivisible.
Plaintiff urges that the premises are mentioned repeatedly in the lease as one property — as the plantation, the place, the property, the premises.
The judge of the district court held that of the 300-acres — superficial area of the leased plantation under cultivation — 100 were overflowed after the 15th day of May, 1907, and gave plaintiff judgment for $1,000, and reserved her rights to sue for her interests in .the crop produced on these 100 acres.
Plaintiff, aggrieved as she alleged by the judgment, prosecuted an appeal to the Court of Appeal.
On appeal before that tribunal an elaborate opinion was handed down, in which the court held, in substance, that under the terms of the contract the partial overflow of the place did not have the effect of releasing the lessee from paying the full amount of $1,500 stipulated as rental in the contract of lease, and reversed the judgment of the district court, and rendered judgment for plaintiff for the amount she claimed.
The petition of defendants for a writ of certiorari presents the questions for decision.
The contract of lease leaves room for some doubt as to the amount to which plaintiff is entitled; that is, whether the whole amount of rental should be paid, although as much as one-third of the place was overflowed, or whether there should be a diminution in proportion to the overflow of the place.
As to the first proposition, it does look as if it were deciding contrary to the contract of lease to compel the defendants to pay the whole amount, although part of the place, as much as one-third, as just above stated, was submerged, and a loss incurred to that extent, although the parties lessee to the contract sought to guard against this loss by 'stipulating that in event of overflow after a date mentioned in the contract there should be a diminution.
That is the whole ease. The provision that there will be diminution must have a meaning. The fact that the provision relates to the whole place does not render it impossible, in accordance with fair construction, to deduct from the rental in proportion equal to the number of acres under water after the 15th day of May, 1907.
The lessees became the lessees of a .body of land measuring the number of acres stated.
To avoid loss the agreement about overflow was inserted.
If ineffective, they were not protected against the usual overflows.
The number of times that “the plantation,” “the place,” “the property,” “the premises,” are mentioned do not convey the meaning of totality absolutely. No mention was made in the deed as to a total overflow. In nearly every plantation there are knolls and other high places that are not overflowed, not submerged, even in the highest water.
*473 Plaintiff would have right to the $1,500 rental if only these were above water. It is common knowledge an entire plantation seldom overflows.
The parties must have looked forward to the possibility of a partial overflow.
The lease did not provide that there would be diminution of the rent in the event the whole place overflowed. It provides against an overflow.
The place did overflow.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal in this ease is avoided, annulled, and reversed. It is ordered, adjudged, and decreed that the judgment of the district court is reinstated as it was before it was reversed by the judgment of the Court of Appeal, and, as reinstated, it. is made the judgment, of this court. The judgment is remanded for execution to the district court. The plaintiff to pay the costs of appeal in the Court of Appeal, and is also condemned to pay the costs of the present suit by way of certiorari.